UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHAN PSI YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00561-TWP-TAB |
| | ) | |
| WEXFORD MEDICAL, | ) | |
| M. LINKS Dr., M.H.D., Psychiatrist of Wexford | ) | |
| Medical at Plainfield Correctional Facility, | ) | |
| THAYER Dr., M.H.D., Psychiatrist of Wexford | ) | |
| Medical at Plainfield Correctional Facility, | ) | |
| STANLEY KNIGHT Warden at Plainfield | ) | |
| Correctional Facility, | ) | |
| PLAINFIELD CORRECTIONAL FACILITY, | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| STATE OF INDIANA, | ) | |
| ROBERT CARTER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Leave to Proceed *In Forma Pauperis*,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I. Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff Jonathan Psi Young's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. Pursuant to 28 U.S.C. § 1915(b)(1)(A), an initial partial filing fee of twenty-one dollars and nine-seven cents ($21.97) is assessed and shall be paid to the clerk of the district court no later than **March 12, 2019**.

Although Mr. Young is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

## II. Plaintiff's Complaint

A.   Screening Legal Standard

Jonathan Psi Young is a prisoner currently incarcerated at Indiana's Plainfield Correctional Facility. Because Mr. Young is a prisoner as that term is defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen the complaint before service on defendants. Pursuant to Section 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Young are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

B.   Mr. Young's Assertions

Mr. Young asserts Eighth Amendment claims for "deliberate indifference to medical needs, unsafe conditions, and discrimination." Dkt. 1, p. 2. His assertions are:

> I placed a heathcare request . . . stating a notice of appointment to Dr. Thayer to provide services as a co-trustee for the purposes of executing a statement of competency to determine me to be of sound mind and body to authenticate my ability to execute legal documents related to Will and Trusts and capacity at suit. Dr. M. Links trespassed and broke confidentiality by opening a private letter addressed to Dr. Thayer. Further, Dr. M. Links took it upon himself to schedule an interview to attempt to gain implied consent to abuse his discretion by intentionally slandering me stating that I made statements that were bizarre and non-sensical and that I needed to be placed . . . on psychiatric evaluation. . . . Dr. M. Links

2

> fraudulently coerced an on the spot evaluation in an attempt to acquiesce a commitment to psychological hospitalization to which I immediately denied consent and was then returned by threats over and beyond Dr. M. Links ability to perform solely, stating that he would forcibly detain me and drastically depreciate the status of my accustomed [sic] of living to which I became in fear for my life. I have since filed notice of default of previous appointment and accompanied a notice of rescission of any agreement Dr. M. Links assumes he may have acquired by his threats of duress and coercion. . . . ***Dr. M. Links has placed me under psychological observation . . . based on a pure prejudice in retaliation of a notice to determine competency and not of any sound judgment***. . . .
>
> I have reason to suspect that [defendants] are involved in a conspiracy to render me incompetent to cover up a claim of fraudulent joinder that is a part of an ongoing suit. . . .

Dkt. 1, p. 2, ¶¶ 9 & 10 (emphasis added).

Concerning the obligation for all prisoners to exhaust their administrative remedies before bringing a lawsuit, Mr. Young writes that he presented his complaints to the Plainfield Correctional Facility on January 31, 2019. He then adds, "On a date to be determined grievance was denied. Upon denial grievance was appealed." *Id.* at ¶ 12.

C.     Analysis

Construing the complaint liberally, as the Court is required to do, Mr. Young appears to be attempting a First Amendment retaliation claim against Dr. M. Links. However, to state a claim for retaliation, Mr. Young needs to allege that he engaged in conduct protected by the First Amendment and that Dr. Links retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002). Mr. Young "must ultimately show that . . . he suffered a deprivation that would likely deter First Amendment activity in the future; and . . . the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Mr. Young pleads that Dr. Links's retaliation was to place him on a psychological observation because Mr. Young had submitted a "notice to determine competency." Asking

3

medical providers for a competency evaluation does not identify a constitutionally protected activity. Additionally, there is no allegation or reasonable inference that Dr. Links's response to Mr. Young's "notice" would deter First Amendment activity in the future. Thus, the Court does not find a viable retaliation claim in the complaint. *Bridges*, 557 F.3d at 546.

As for the other assertions in the complaint, none state a claim upon which relief can be granted. The assertions about Dr. Thayer opening a private letter do not implicate federal constitutional concerns, nor do the assertions about the doctors wanting to conduct psychiatric evaluations allege any unconstitutional purpose. The threshold inquiry in a 42 U.S.C. § 1983 suit is to "identify the specific constitutional right" at issue. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). In conducting this screening, the Court is unable to identify a specific constitutional right connected with any other assertion or defendant mentioned by Mr. Young.

Mr. Young's final assertion against defendants is that he "has reason to believe" they are conspiring against him to render him incompetent. While in federal practice simple "notice pleading" is all that is required to state a claim, a plaintiff must nevertheless provide a short and plain statement demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). A claim must provide defendants "fair notice" of the claim and its basis, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), thus giving them an idea of what they must defend. Simply stating that he has "reason to believe" a conspiracy exists does not satisfy the liberal Rule 8 pleading standard. Any conspiracy claim Mr. Young intended is **dismissed**.

Finally, the Court notes that a plaintiff is not required to plead the administrative exhaustion status of their claims. A lack of administrative exhaustion is an affirmative defense to be asserted,

4

when applicable, by effected defendants. But Mr. Young has pleaded that he submitted his administrative grievance on January 31, 2019, just six days before this action was filed. He additionally pleads that his grievance was denied "on a date to be determined," an indication that he has not yet exhausted his administrative remedies. The Prison Litigation Reform Act requires that all administrative remedies be exhausted *before* a lawsuit is filed. 42 U.S.C. § 1997e(a). Mr. Young is cautioned if he files an amended complaint in this action, pursuant to Section III, below, that it will be subject to dismissal should defendants later demonstrate that this action was filed (on February 5, 2019) before available administrative remedies were exhausted.

## III. Opportunity to Show Cause

The Court has dismissed the complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Mr. Young shall have through **March 12, 2019**, to show cause why the complaint should not have been dismissed and the claims therein allowed to proceed. Alternatively, Mr. Young shall have through the same date to file an amended complaint containing viable federal constitutional claims. If an amended complaint is filed, it shall clearly be titled "Amended Complaint" and contain the case number, 1:19-cv-00561-TWP-TAB. The failure to show cause or file an amended complaint no later than **March 12, 2019**, will result in the dismissal of this action and entry of final judgment without further notice.

## IV. Obligation to Update Address

Mr. Young is reminded of his obligation to keep the Court informed of his current mailing address during the pendency of this case. Any changes of address must be reported, in writing, to the clerk as soon as practical after the change but in no event more than thirty days later. The failure to keep the clerk informed of a current address could result on the dismissal of this action for failure to prosecute or failure to follow a court order.

## V. Conclusion

The Court has (1) **granted** Mr. Young's motion for leave to proceed *in forma pauperis* and assessed an initial partial filing fee of **$21.97** payable to the clerk no later than **March 12, 2019**; (2) screened and dismissed the complaint pursuant to 28 U.S.C. § 1915A; (3) allowed Mr. Young through **March 12, 2019**, to **show cause** why the complaint should not have been dismissed or to file an amended complaint; and (4) reminded Mr. Young of his obligation to keep the Court informed of any change in his address.

**IT IS SO ORDERED**.

Date: 2/7/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Psi Young
251098
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

6