UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHAN PSI YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00561-TWP-TAB |
| | ) | |
| WEXFORD MEDICAL, | ) | |
| M. LINKS Dr., M.H.D., Psychiatrist of Wexford | ) | |
| Medical at Plainfield Correctional Facility, | ) | |
| THAYER Dr., M.H.D., Psychiatrist of Wexford | ) | |
| Medical at Plainfield Correctional Facility, | ) | |
| STANLEY KNIGHT Warden at Plainfield | ) | |
| Correctional Facility, | ) | |
| PLAINFIELD CORRECTIONAL FACILITY, | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| STATE OF INDIANA, | ) | |
| ROBERT CARTER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Amended Complaint
and Allowing Plaintiff to Show Cause**

Plaintiff Jonathan Psi Young, an Indiana Department of Correction (IDOC) inmate presently incarcerated in the Plainfield Correctional Facility, filed this 42 U.S.C. § 1983 action on February 2, 2019. Mr. Young was granted *in forma pauperis* status and has paid the initial partial filing fee. An amended complaint was filed March 12, 2019, and is ready for screening.

**I. Screening Standard**

Because Mr. Young is a "prisoner" as that term is defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on defendants. Pursuant to § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim,

the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. Mr. Young's Amended Complaint

Mr. Young names as defendants Wexford Medical, Dr. M. Links, Dr. Thayer, Warden Stanley Knight, IDOC Commissioner Robert Carter, the Plainfield Correctional Facility, the IDOC, and the State of Indiana. He seeks relief in the form of (1) a correction to his IDOC security classification; (2) a "Statement of Competency"; (3) previous disciplinary conduct reports against him to be voided as frivolous; (4) compensatory damages of two million dollars; and (5) injunctive relief to deter retaliation against him. Dkt. 6, ¶¶ 28-32.

Mr. Young pleads that he is "an errant sovereign" sentenced to five years imprisonment in the IDOC. He alleges that upon arrival in IDOC, he was erroneously given the mental health code "c" which has resulted in his being denied "level 1" housing. He has unsuccessfully sought a "Statement of Competency" from Dr. Thayer. Mr. Young alleges that Dr. Thayer, Dr. Links, Wexford Medical Company, the Plainfield Correctional Facility, the IDOC, and the State of Indiana have conspired to produce and enforce policies that deter the "errant sovereign" from asserting constitutional claims of immunity. Dkt. 6, ¶¶ 13, 17-18, 21, 25, 28.

Dr. Thayer and Dr. Links are also alleged to have violated Mr. Young's constitutional rights by invading his privacy, making unspecified threats to deter him from making requests. Wexford Medical Company is alleged to have policies to "gaslight, exploit, and railroad" prisoners to harm their health out of carelessness to their needs. *Id.,* ¶¶ 22-24.

### III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). A defendant in a § 1983 action can be liable only for the actions or omissions in which she personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Mr. Young's only discernable allegation of being deprived of something is that he cannot obtain a "Certificate of Competency" or have his mental health code of "c" changed. Because of this, the only articulable damage he asserts is that he has been denied "level 1 housing" within the IDOC. Mr. Young's entire amended complaint is based on this premise.

There is no constitutional right to be assigned a specific security level within a prison system. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). Thus, Mr. Young's assertions do not allege the deprivation of a constitutional right.

Mr. Young starts his amended complaint with an allegation that he has been retaliated against for engaging in constitutionally protected speech. The amended complaint does not allege any instance of retaliation, what type of retaliation was done, nor identify what protected speech

3

was involved. He also pleads that he is bringing claims for "the torts of harassment, assault, negligence and actual malice that[] amounts to recklessness in violations of the Eight[h] and Fourteenth Amendments . . . ." Dkt. 6, p. 1. Mr. Young's amended complaint does not thereafter describe any such claims or attribute any action arguably stating such a claim to any particular defendant.

As for Mr. Young's named defendants, the Plainfield Correctional Facility is not a suable defendant because it is not a person who can be sued under § 1983. It is a building. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison . . . a building is not a person capable of being sued under §1983."). The Indiana Department of Correction and the State of Indiana are not proper defendants subject to suit for damages because they have Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165 67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983). In addition, the amended complaint makes no allegations of personal participation against Warden Knight or Commissioner Carter.

Thus, Dr. Links, Dr. Thayer, and Wexford Medical are the only suable defendants that Mr. Young has made allegations against, and the allegations he has made do not assert viable constitutional claims.

The amended complaint is therefore **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### IV. Opportunity to Show Cause

Before this action is dismissed, Mr. Young shall have through **July 8, 2019**, in which to (1) file a second amended complaint curing the deficiencies identified in this Order by asserting

viable constitutional claims against suable defendants, or (2) show cause why this action should not be dismissed and his claims allowed to proceed. The failure to either file a second amended complaint or to show cause no later than **July 8, 2019**, will result in the dismissal of this action for failure to state a claim upon which relief can be granted and the entry of final judgment without further notice.

    **IT IS SO ORDERED**.

Date: 6/7/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Psi Young
251098
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168